# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SAINT JOSEPH DIVISION

| | |
|---|---|
| **States Resources Corp.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Criminal Action Number** |
| ) | **08-06041-CV-SJ-DGK** |
| **Mark Younger,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On April 18, 2008, plaintiff States Resources Corp. ("SRC") filed the present action in this Court against defendants Mark R. Younger ("Younger") and Bearcat Express, LLC. ("Bearcat") regarding certain promissory notes and associated security agreements. On November 10, 2008, the Court[1] granted summary judgment to SRC on four of the five counts raised by SRC, dismissed the fifth count, and directed the parties to file a proposed judgment [Doc. 22]. However, prior to the entry of any judgment, Younger filed for bankruptcy and the case was stayed pursuant to 11 U.S.C. § 362. On October 22, 2010, the Bankruptcy Court entered an ORDER DENYING DISCHARGE. *In re Mark Raymond Younger*, No. 08-50740-JWV-7 (Bankr. W.D. Mo.). On November 22, 2010, the Court lifted the stay and entered a judgment in favor of SRC and against Younger and Bearcat, jointly and severally, in an amount of $772,586.28 plus any accrued post-judgment interest [Doc. 40]. Neither Younger nor Bearcat appealed the judgment or filed for any relief from the judgment. Thereafter, SRC has undertaken efforts to collect on the still unpaid judgment.

---

[1] The Honorable David Gregory Kays, Chief District Judge, United States District Court for the Western District of Missouri.

On September 3, 2013, SRC served a subpoena on the Nodaway Valley Bank seeking documents related to a particular account in the name of Renee Schlag ("Schlag"), referred to as the "Clerking Account." In addition, on August 31, 2013, SRC served a subpoena on YAC, LLC ("YAC") seeking documents related to the Clerking Account as well as documents reflecting transfers of funds between Younger and Schlag. In the course of attempting to collect on its judgment, SRC has developed evidence that might tend to show that Younger has used Schlag, the Clerking Account, and YAC to hide assets from judgment creditors like SRC. The Court does not make any finding on that allegation except to state that SRC has a good faith argument in support of its supposition based on information obtained to date and the reasonable inferences to be made from such information.

In response to the subpoena, Schlag and YAC filed a motion to modify the subpoenas [Doc. 62]. Schlag and YAC argue that the subpoenas seek information that invades their "right to privacy" in that the subpoenas seeks information, in some cases, is unrelated to Younger. In addition, Schlag and YAC argue that the case of *State ex rel. Long v. Askren*, 874 S.W.2d 466 (Mo. App. [W.D.] 1994) affords them protection from SRC's federal subpoenas. The Court rejects both arguments raised by Schlag and YAC in this discovery dispute.

The necessary starting point for addressing the issue before the Court is FED. R. CIV. P. 69. Rule 69 governs the execution of judgments rendered in federal court. The first sentence of Rule 69(a) specifies that unless otherwise ordered by a court, "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution. . ." FED. R. CIV. P. 69(a). The remaining provisions of Rule 69(a) describe two entirely separate aspects of the judgment enforcement process: the first relates to judgment execution <u>procedure</u> and supplemental proceedings thereto, while the other controls postjudgment <u>discovery</u>. FED. R. CIV. P. 69(a)(1)-(2).

With respect to the execution procedure for a federal court money judgment, Rule 69(a) provides:

> The procedure on execution – in proceedings supplementary to and in aid of a judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69(a)(1). By its terms, then, this portion of the rule requires compliance with the forum state's execution methods and procedures, except where the state enforcement mechanism is pre-empted by an applicable federal law. In reality, only a few federal laws exist in the judgment execution context and most are concerned only technical details relevant to specific judgments. *See*, *e.g.*, 28 U.S.C. § 2005 (appraisal of goods taken on execution); 28 U.S.C. § 2006 (execution against revenue officers). In the present case, no federal statutory provisions regarding execution procedures are implicated and, as such, there are no issues of possible preemption.

Although Rule 69(a)(1) clearly mandates adherence to most state law execution procedures, the next provision of the rule provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest . . . may obtain discovery from any person – including the judgment debtor – in the manner provided in these rules or by the procedure of the state where the court is located.

FED. R. CIV. P. 69(a)(2). Some courts have commented that "[a]t first blush, there appears to be an inconsistency in Rule 69(a) which first mandates following state procedures and then presents an option" of utilizing the Federal Rules of Civil procedure. *Blaw Knox Corp. v. AMR Industries, Inc.,* 130 F.R.D. 400, 402 (E.D. Wis. 1990). Any such "confusion" is alleviated, however, by a plain reading of the two provisions of Rule 69(a) as dealing with separate subjects – FED. R. CIV. P. 69(A)(1) pertains only to execution <u>procedures</u> available to creditors, while FED. R. CIV. P. 69(a)(2) relates only to postjudgment <u>discovery</u>. *See generally Chicago Pneumatic*

3

*Tool Co. v. Stonestreet O.V.,* 107 F.R.D. 674, 675 (S.D. W.Va. 1985) (explaining that "Rule 69(a) can be read as dealing with (1) execution procedures generally and (2) discovery in aid of execution"). By its terms then, FED. R. CIV. P. 69(a)(2) offers a judgment creditor the option of utilizing federal law or state law as it relates to postjudgment discovery.

> Rule 69(a) first provides that a judgment creditor shall follow state practice and procedure in seeking to satisfy a judgment. In other words, [state law] provides various avenues of relief such as execution, garnishment, appointment of a receiver, etc. Thus, a judgment creditor is limited to the collection options provided by the state. However, when utilizing state collection procedures, Rule 69(a) then provides that a judgment creditor may obtain discovery and in so doing, may then either use the procedures set forth in the federal rules or those provided by state practice.

*Blaw Knox*, 130 F.R.D. at 402. *See also FDIC v. LeGrand,* 43 F.3d 163, 171 (5th Cir.1995) (rejecting judgment debtor's argument that "state procedural rules apply to the determination of the postjudgment discovery issue"); *Fuddruckers, Inc. v. KCOB I, L.L.C.*, 31 F.Supp.2d 1274, 1277-79 (D. Kan. 1998) ("[T]o the extent that it elects to conduct postjudgment discovery . . . the judgment creditor may choose between state and federal law [and the pursuit of a state court execution procedure] does not preclude a judgment creditor from utilizing federal discovery procedures simultaneously").

In this case, with regard to the subpoenas in question, SRC has elected to use federal procedure rules for its postjudgment discovery regarding Younger. As made clear in Rule 69(a)(2) ("the judgment creditor . . . may obtain discovery from any person"), the scope of such discovery is broad and should be liberally construed.

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor. The discovery must be relevant to that purpose, however, and may not be used in order to harass the judgment debtor or any third parties.

4

13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 69.04 (2008). *See also* 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3014 (1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution. . . . The scope of examination is very broad, as it must be if the procedure is to be of any value."); *LeGrand,* 43 F.3d at 172 ("The scope of postjudgment discovery is very broad.").

Turning to the subpoenas in this case, the Court concludes that they properly fall within the scope of permissible discovery sanctioned by the Federal Rules of Civil Procedure. *See*, *e.g.*, FED. R. CIV. P. 26(b)(1); *YCB International, Inc. v. UCF Trading Co., Ltd.*, 2014 WL 117353, op. *2 (N.D. Ill. Jan. 13, 2014) ("The 'rules' mentioned in Rule 69(a)(2) are the federal rules governing pre-trial discovery."). In this case, the Court concludes that SRC has satisfactorily demonstrated that the information sought in the subpoenas is relevant to the collection of any outstanding federal judgment and is reasonably calculated to lead to the discovery of assets to aid in the satisfaction of SRC's outstanding judgment.

Moreover, it "[t]here is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor." *British International Insurance Co., Ltd. v. Aeguros La Republica S.A.,* 200 F.R.D. 586, 590 (W.D. Tex. 2000) (*citation omitted*). Indeed, the very language of Rule 69(a)(2) contemplates that discovery may be obtained "from any person." However, postjudgment discovery from third parties "must be balanced against the privacy interests of third party." *YCB International*, op. at *2. Thus, the "judgment creditor must make a threshold showing of necessity and relevance." *Blaw Knox*, 130 F.R.D. at 403-04. Certainly, a federal court always retains the authority to limit postjudgment discovery "if it determines that the burden of the discovery outweighs its benefit." *In re IKB Deutsche Industriebank AG,* 2010 WL 1526070, op. at *5 (N.D. Ill Apr. 8, 2010).

In this case, the Court is satisfied that SRC has demonstrated both relevance and necessity with regard to the information sought in the subpoenas, including evidence indicating that significant monies being received by Younger and his businesses has been transferred to the Clerking Account. Indeed, neither Schlag nor YAC seriously argue that the information is not relevant and necessary, only that it invades their privacy and is burdensome. While recognizing the privacy rights of Schlag and YAC, the Court finds that they are outweighed by SRC's legitimate need for the sought after information. However, as a protection for the privacy rights of Schlag and YAC, the Court orders that the documents produced pursuant to the subpoenas not be disseminated beyond the parties, their attorneys (and retained experts and investigators) without express permission of the Court.[2]

Finally, the Court also rejects the reliance of Schlag and YAC on *State ex rel. Long v. Askren*, 874 S.W.2d 466 (Mo. App. [W.D.] 1994) in an effort to avoid compliance with the subpoenas. In *Long*, a Missouri appellate court determined that a debtor's examination conducted pursuant to MO. REV. STAT. § 513.380 did not permit a state circuit court to compel the attendance and testimony of third parties.

> Statutory debtor's examinations are limited statutory creations. They did not exist at common law. . . . Section 513.380 neither specifically nor impliedly authorizes the trial court to compel the presence of third parties. Thus, while trial courts have statutory authority to compel the judgment debtor to appear and to produce documents relevant to the judgment debtor proceeding . . . the limited authority granted courts to conduct judgment debtor's examinations does not include statutory authority to compel attendance of third party witnesses. Additionally, because judgment debtor's examinations are purely limited statutory proceedings, trial courts lack inherent authority to compel the attendance of third parties at debtor's examinations.

*Long*, 874 S.W.2d at 477.

---

[2] The Court further rejects the vague and unsupported allegation by Schlag and YAC that the subpoenas are overly broad and compliance with them would be unduly burdensome.

The decision in *Long* is limited to an interpretation of the scope of state law procedure under MO. REV. STAT. § 513.380. In this case, the Court is not dealing with such a debtor's examination under state law. Moreover, the narrow holding in *Long* does not create a general state law privilege that might be a limitation on discovery under the Federal Rules of Civil Procedure.

For the foregoing reasons, the Court **DENIES** the MOTION TO MODIFY PLAINTIFF'S SUBPOENAS DIRECTED TO NODAWAY VALLEY BANK AND YAC, LLC [Doc. 62]. Compliance with the subpoenas should be accomplished forthwith.

*/s/ John T. Maughmer*
**John T. Maughmer
United States Magistrate Judge**